United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZO ESTABON THOMAS, <br> (TDCJ-CID #00654240) <br><br> Petitioner, <br><br> vs. <br><br> LORIE DAVIS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-16-1252 |

## MEMORANDUM AND OPINION

The petitioner, Lorenzo Estabon Thomas, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging three state felony convictions. The respondent moved for summary judgment on the ground that Thomas filed the petition too late. (Docket Entry No. 15). Alternatively, the respondent argues that the claims are unexhausted and procedurally barred. The respondent filed a copy of the state court record. Thomas responded to the summary judgment motion. (Docket Entry No. 17).

Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment dismissing this case. The reasons are set out below.

**I.    Background**

Thomas pleaded guilty to three counts of robbery in Cause Number 13-12-13298-CR. On March 5, 2014, the state trial court sentenced Thomas to 35 years in prison on each count, to be served concurrently. Thomas did not appeal. He filed an application for state habeas corpus relief on September 28, 2015, which the Texas Court of Criminal Appeals denied without written order

on March 16, 2016.

On May 4, 2016, this court received Thomas's federal petition. The petition was filed when Thomas tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Thomas deposited his federal petition in the prison mail on the date he signed it, April 29, 2016. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Thomas contends that his convictions are void on the following grounds:

> (1) His guilty pleas were induced and made involuntarily because the trial court failed to warn him that once his pleas were accepted, he would receive final convictions.
>
> (2) Counsel rendered ineffective assistance by failing to seek out and interview potential witnesses.
>
> (3) His convictions were illegally enhanced because:
>
>> (a) the enhancement convictions were obtained in violation of due process as a result of the trial court failing to inform Thomas of a "hidden shelfing clause"; and
>>
>> (b) his parole had not been revoked at the time of sentencing.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The threshold issue is whether Thomas filed his petition too late to permit this court to consider his claims.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus

petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The limitations period began when the time for Thomas to file an appeal from the state court judgment in the Texas Court of Appeals expired. § 2244(d)(1)(A); TEX. R. APP. P. 26.2 (formerly Tex. R. App. P. 41(b)(1)). The trial court convicted Thomas on March 5, 2014. The judgment became final on April 4, 2014. The one-year limitations period ended on April 4, 2015. Thomas waited until April 29, 2016, before filing his federal petition.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Thomas's state habeas application did not toll the limitations

period because he filed that petition after April 4, 2015, when the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Any delay in the state court has no effect on the deadline in this court.

Thomas asserts that after *Johnson v. United States,* 135 S. Ct. 2551 (2015), his convictions are unconstitutional. Construed liberally, Thomas argues that his § 2254 petition is timely under 28 U.S.C. § 2244(d)(1)(C) because he filed the petition within one year of *Johnson*. (Docket Entry No. 17, Petitioner's Response, pp. 11-12).

In *Johnson,* the Supreme Court held that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2563. In *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016), the Court held that *Johnson* applies retroactively to cases on collateral review. Because Thomas was not convicted for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g), the ACCA is not at issue in this case.

The record does not disclose any basis to apply equitable tolling. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling because the impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.) (inadequate prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the

equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in § 2254 suits. *Cf. United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

The record does not indicate that any unconstitutional state action prevented Thomas from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Thomas's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Thomas's claims relate to the guilty plea that occurred on March 5, 2014, with no basis to infer that he did not know the factual predicate of the claims well before the filing deadline. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The pleadings and state court records show that Thomas's federal petition is untimely. The respondent is entitled to judgment as a matter of law.

## III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. Thomas's petition for a writ of habeas corpus is denied. This case is dismissed, with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing when he

demonstrates that his petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Thomas has not made the showing. No certificate of appealability is issued.

SIGNED on October 25, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge